### J. N. KAUFMAN v. YELLOW CAB COMPANY.[1]

April 21, 1922.

No. 22,714.

**Division of profits of business with manager — judgment modified.**

Under the facts of this case the profits for the nine months in question are to be determined by prorating the profits for the year, and the order for judgment will be modified by fixing the amount due plaintiff at the specified per cent of such profits as so determined.

Action in the district court for Hennepin county for an accounting. The case was tried before Montgomery, J., who made findings and ordered judgment in favor of plaintiff for $882.08. Defendant's motion for amended findings or for a new trial was denied. From the judgment entered pursuant to the order for judgment, defendant appealed. Affirmed and case remanded with directions.

*Morphy, Bradford & Cummins*, for appellant.

*Jonas Weil*, for respondent.

TAYLOR, C.

Plaintiff was employed by defendant as manager of its transfer and taxicab business in the city of Minneapolis during the last nine months of the year 1919, under a contract by which he was to receive a salary of $50 per week and 5 per cent of the net profits

[1]Reported in 187 N. W. 974.

earned during that period. His weekly salary was paid as it accrued and is not involved in the present controversy. Two months after the termination of the contract defendant's bookkeeper delivered to plaintiff a check for $517.92 as his share of the net profits, accompanied by a statement showing that the earnings for the entire year exceeded the expense of operation in the sum of $28,089.86; that $14,278.60 had been deducted from this amount for a dividend to the stockholders, leaving a balance of $13,811.26; that three-fourths of this balance was taken as the amount of net profits during the three-fourths of the year covered by plaintiff's contract; and that his share of the profits as so computed amounted to the sum for which the check was drawn. Plaintiff brought this action for an accounting. The court found that the net profits during the period covered by his contract were $28,000, that plaintiff's share thereof was $1,400 of which $517.92 had been paid, and directed judgment for the balance of $882.08. Defendant appealed from an order denying an alternative motion for amended findings or a new trial. The only question for consideration, under the assignments of error, is whether the evidence is sufficient to sustain the finding that the net profits during the period of plaintiff's service were $28,000.

At the trial the ledger for the year 1919, which seems to have been the only book or record showing the condition of the business during that year, could not be found and was not produced. Being unable to obtain the records showing the earnings and expenditures, plaintiff relied upon the statement which accompanied the check delivered to him as supplemented by oral testimony. Defendant presented a summarized statement made by a public accountant who, in the early part of 1920, had audited the books for the year 1919. This statement showed that the earnings in 1919 had exceeded the cost of operation in the sum of $28,089.86, the same amount shown by the statement furnished plaintiff, but contained no deduction for a dividend to the stockholders. It did contain, however, a deduction for depreciation of equipment not shown on the statement furnished plaintiff. It appears that 2½ per cent of the value of the equipment had been charged off on the books each

month for depreciation, and that the accountant on completing his audit thought that that amount was too small and made a further deduction for depreciation of 10 per cent of the value of the property, amounting to the sum of $16,637.53. This deduction was not made until after the statement furnished plaintiff had been made and given to him. The dividend to stockholders was not a proper deduction and the court could well reject the additional deduction made by the accountant for depreciation, and was amply justified in finding that the net profits for the year were at least $28,000.

This is not seriously disputed, but defendant insists that it was incumbent on plaintiff to show the amount of net profits during the nine months covered by his contract, and that there is no evidence tending to show what portion of the profits for the year accrued during that period. As evidence to show the amount of profits for a part of the year was not available because defendant was unable to produce its books after a due demand, and as defendant itself computed the amount which it admitted was due plaintiff by prorating the profits for the year, we think defendant is not in position to object to the adoption of that method by the court. Defendant further insists that, even if the profits for the nine months covered by plaintiff's contract may be determined by prorating the profits for the year, yet the evidence will not justify a finding that the profits for the year were sufficient to warrant fixing the profits for nine months at $28,000. We find this contention well founded. The accounts as kept in the books admittedly show a profit of $28,089.86 for the year. In the latter part of 1919, defendant began carrying a considerable amount of accident insurance and paid the premiums monthly in advance. In December it paid $2,500 for such insurance for the month of January, 1920. This is not questioned. This payment was not properly chargeable against the earnings of 1919 and eliminating it leaves the net earnings at the sum of $30,589.86. There was testimony that claims for damages which accrued before 1919 appear as an expense of 1919 because paid in that year, and that similar claims which accrued in 1919 appear as an expense of 1920 because paid in 1920, but the testimony fails to show that the liabilities of this nature paid in

1919 exceeded the amount of such liabilities incurred in that year, and hence fails to show that plaintiff was prejudiced by the fact that these claims appear as an expense of the year in which they were paid.

We feel constrained to hold that the evidence did not warrant the court in fixing the net profits for the year at more than $30,589.86, and that the profits for the period covered by plaintiff's service should have been determined by prorating that sum. But, as the correction can be made by a mathematical computation, a new trial is unnecessary, and the order denying it is affirmed, and the case will be remanded with directions to compute the amount due plaintiff on the basis above indicated.